IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA )
)
v. ) Criminal No. 06-316
)
CHARLES COLES )
DANIEL LUGO LUNA )
MARGARITO REYNA )

O P I N I O N

DIAMOND, D.J.

On May 2, 2006, a grand jury returned a ninety-six count indictment against ten defendants involved in a cocaine distribution conspiracy. Six of the defendants have entered guilty pleas.[1] The four remaining defendants currently are scheduled for jury selection and trial commencing Monday, May 5, 2008.

Three of the four remaining defendants - Charles Coles, Daniel Lugo Luna and Margarito Reyna - have filed pretrial motions.[2] Coles has filed the following pretrial motions[3]: (1)

---

[1] Defendants Val Byrd, Roger Wilson and Alonzo Griffin have been sentenced. Defendants Gregory Sayles, Juan Rosendo Lugo-Gitierrez and Reyes Valdovinos Bautista await sentencing.

[2] The other remaining defendant, Carlos Hudson, has not filed any pretrial motions.

[3] These motions were filed on behalf of Coles by his original attorney, James Wymard, Esq.. Coles now is represented by Attorney Martin Dietz.

motion for discovery; (2) motion for bill of particulars; (3) motion to retain rough notes; (4) motion to disclose/exclude uncharged misconduct evidence; (5) motion for severance; (6) motion for notice of intention to use evidence arguably subject to suppression; (7) motion for early disclosure of Jencks material; (8) motion to preserve evidence; (9) motion to exclude evidence of defendant's prior convictions; (10) motion to suppress wiretap evidence; (11) motion for leave to file additional pretrial motions; and, (12) motion to join and adopt motions filed by co-defendants.

Reyna has filed the following pretrial motions: (1) motion to compel disclosure of exculpatory materials; (2) motion for pre-trial James hearing; (3) motion for discovery; (4) motion for severance; (5) motion to join in motions of co-defendants; and, (6) motion to disclose and exclude uncharged misconduct evidence. Finally, Luna has filed a motion for severance, a motion for discovery and a motion to compel the government to provide a statement of uncharged misconduct evidence.

The government filed a consolidated response to the pretrial motions filed by Coles and Reyna, as well as a supplemental response to the pretrial motions filed by Luna. In addition, the government has submitted to the court for en camera inspection a number of documents relating to the wiretap that is the subject of Coles' motion to suppress.

2

## Motions for Discovery

Coles, Luna and Reyna all have filed motions for discovery. Generally, governmental disclosure of evidence in criminal cases is governed by Fed. R. Crim. P. 16(a). The United States Court of Appeals for the Third Circuit has recognized that discovery in criminal cases is limited to those areas delineated in Rule 16(a)(1) "with some additional material being discoverable in accordance with statutory pronouncements and the due process clause of the Constitution." United States v. Ramos, 27 F.3d 65, 68 (3d Cir. 1994). As a general matter, these other areas are limited to the Jencks Act (18 U.S.C. §3500) and materials available pursuant to the "Brady doctrine[4]." Id.

In response to the discovery motions, the government has acknowledged its obligations under Rule 16(a) and the Brady doctrine and indicates that it already has turned over all Rule 16 material and that it intends to comply fully with the dictates of Brady and the Jencks Act at the appropriate time. Accordingly, the discovery motions filed by Coles, Luna and Reyna will be granted in part and the government shall turn over all information falling within the purview of Rule 16(a) and the Brady doctrine. To the extent the motions of any of the three defendants request information that does not fall within the scope of Rule 16(a), Brady or the Jencks Act, those requests will be denied.

---

[4] Brady v. Maryland, 373 U.S. 83 (1963).

3

As to the timing of the required disclosures, it is well settled that the government's obligations under Brady require it to disclose actual exculpatory evidence without undue delay. In contrast, Brady impeachment material ordinarily must be disclosed "in time for its effective use at trial." United States v. Higgs, 713 F.2d 39, 44 (3d Cir. 1983). Accordingly, to the extent the government possesses any exculpatory Brady evidence, such evidence shall be disclosed to the defendants forthwith.

As to impeachment material, this circuit encourages adherence to the long-standing policy of promoting early production of all types of Brady material "to ensure the effective administration of the criminal justice system." United States v. Starusko, 729 F.2d 256, 261 (3d Cir. 1984) (quoting Higgs, 713 F.2d at 44 n.6). Given the nature of this case, it appears that disclosure of Brady impeachment material no later than April 25, 2008, ten days prior to trial, is sufficient to protect the due process rights of the defendants and to ensure that trial delay is avoided. Accordingly, a discovery order will be entered as follows:

1)  The government shall disclose all Brady exculpatory material forthwith;

2)  The government shall disclose all Brady impeachment material and all Rule 16(a) material no later than April 25, 2008;

3)  The government shall disclose all Jencks material in accordance with 18 U.S.C. §3500(b), but with encouragement to disclose such material by April 25, 2008, but no later than three days prior to trial.

4

## Motion for Bill of Particulars

Coles has filed a motion for a bill of particulars requesting specific dates, names and addresses of witnesses, specific acts and statements by Coles, and any acts or statements made by others that may be imputed to Coles.

The purpose of a bill of particulars is to inform the defendant adequately of the nature of the charges brought against him so as to enable him to prepare his defense, to avoid surprise during the trial and to protect him against a second prosecution for an inadequately described offense. United States v. Rosa, 891 F.2d 1063, 1065 (3d Cir. 1989). The granting of a bill of particulars is within the discretion of the district court. United States v. Adams, 759 F.2d 1099, 1113 (3d Cir. 1985).

A bill of particulars, unlike discovery, is not intended to provide a defendant with the fruits of the government's investigation, but is intended to give the defendant only that minimum amount of information necessary to permit the defendant to conduct his own defense. United States v. Smith, 776 F.2d 1104 (3d Cir. 1985). Here, the indictment provides Coles with the particulars of the charged offense in sufficient detail to place him on notice of that with which he has been charged and to permit him to conduct his own defense. As no proper purpose for a bill of particulars would be served by ordering one, Coles' motion will be denied.

5

## Motion to Require Retention of Rough Notes and Writings

Coles has filed a motion to require the government to retain all rough notes and writings of its investigating agents which may constitute _Brady_ or Jencks materials. Luna's discovery motion makes a similar request.

The government has indicated that it is aware of its obligation to retain these materials pursuant to _United States v. Ramos_, 27 F.3d 65 (3d Cir. 1994), _Ammar v. United States_, 714 F.2d 238 (3d Cir. 1983), and _United States v. Vella_, 562 F.2d 275 (3d Cir. 1977). Accordingly, the court will grant the motions and require the government to preserve any such materials.


## Motion to Disclose and Exclude Uncharged Misconduct Evidence

Coles and Reyna both have filed motions to disclose and exclude uncharged misconduct evidence which the government intends to offer at trial pursuant to Fed. R. Evid. 404(b).[5] Luna also has filed a motion to compel the government to provide him with a statement of uncharged misconduct evidence, including notice of "any communications of any other person" which the government intends to use against him.

Fed. R. Evid. 404(b) provides that evidence of other crimes,

---

[5] Coles and Reyna also request a pretrial hearing on the admissibility of any potential Rule 404(b) evidence. However, it would be premature to rule on the potential admissibility of Rule 404(b) evidence until such evidence is considered in the context of trial. Accordingly, no pretrial hearing is required.

✎AO 72
(Rev. 8/82)

wrongs or acts is not admissible to prove the character of a person in order to show action in conformity therewith, but may be admissible for other enumerated purposes, provided that, upon request by the accused, the government shall provide reasonable notice in advance of trial of the general nature of any such evidence it intends to introduce at trial.

The commentary to Rule 404(b) notes that, other than requiring "reasonable" pretrial notice, no specific time limits are stated in the rule and further recognizes that what constitutes reasonable notice will depend on the circumstances of each case. Courts that have considered what constitutes "reasonable notice" have concluded that notice of intent to use Rule 404(b) evidence seven to ten days prior to trial is sufficient. See United States v. Evangelista, 813 F.Supp. 294, 302 (D.N.J. 1993) (ten days); United States v. Alex, 791 F.Supp. 723, 728-29 (N.D.Ill. 1992) (seven days); United States v. Williams, 792 F.Supp. 1120, 1133 (S.D.Ind. 1992) (ten days).

In its response to the motions, the government recognizes its obligation under Rule 404(b) to provide reasonable notice in advance of trial of the general nature of any evidence of any other crimes, wrongs or acts it intends to introduce at trial and requests seven to ten days prior to trial to provide such notice. The government's request is consistent with the case law discussed above. Accordingly, the court will grant the motions to the

7

extent they seek advance notice of Rule 404(b) evidence and will enter an order requiring the government to provide, no later than April 25, 2008, notice of the general nature of any Rule 404(b) evidence that it may intend to offer at trial.

To the extent that the motions of Coles and Reyna seek the exclusion of potential Rule 404(b) evidence, the motions will be denied without prejudice as premature. In addition, to the extent Luna's motion requests disclosure of "any communications of any other person" which the government intends to use against him, the motion must be denied because such evidence does not fall within the parameters of Rule 404(b) as other crimes evidence; rather, such evidence would be offered as direct evidence of the offense charged, the conspiracy to possess with intent to distribute controlled substances. See United States v. Gibbs, 190 F.3d at 217 (3d Cir. 1999).[6]

## Motions for Severance

Coles, Luna and Reyna all have filed motions for relief from prejudicial joinder pursuant to Fed. R. Crim. P. 14(a) and request severance of their trial from those of their co-defendants. The motions will be denied.

---

[6] In addition, it should also be noted that the government indicates that it already has provided Luna with copies of all of the intercepted telephone conversations involving his co-conspirators.

8

Multiple defendants may be joined in a single indictment pursuant to Fed.R.Crim.P. 8(b), which provides:

> The indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses. The defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count.

Fed.R.Crim.P. 8(b).

Relief from prejudicial joinder is authorized pursuant to Fed. R. Crim. P. 14(a), which provides in pertinent part:

> If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

Fed.R.Crim.P. 14(a).

The foregoing rule and the jurisprudence developed thereunder reflect "a preference in the federal system for joint trials of defendants who are indicted together, because joint trials promote efficiency and serve the interest of justice by avoiding the scandal and the inequity of inconsistent verdicts." United States v. Balter, 91 F.3d 427, 432 (3d Cir. 1996) (quoting Zafiro v. United States, 506 U.S. 534, 537 (1993) (internal citations omitted). "In addition, joint trials of defendants charged under a single conspiracy aid the finder of fact in determining the full

9

extent of the conspiracy and prevent the tactical disadvantage to the government from disclosure of its case." United States v. Voigt, 89 F.3d 1050, 1094 (3d Cir. 1996) (internal quotations and citations omitted).

In light of this preference for joint trials, severance under Rule 14 is to be granted "only if there is a serious risk that a joint trial will compromise a specific trial right of one of the defendants or prevent the jury from making a reliable judgment about guilt or innocence." Zafiro, 506 U.S. at 538-39; see also Balter, 91 F.3d at 432; Voigt, 89 F.3d at 1094.

A defendant seeking relief under Rule 14 has the burden to demonstrate that the failure to grant a severance will result in "real not fanciful" prejudice. United States v. Segal, 534 F.2d 578, 583 (3d Cir. 1976). Thus, the introduction of evidence more damaging to one defendant than another does not entitle the seemingly less culpable defendant to severance; rather, the inquiry is whether the jury can reasonably be expected to compartmentalize the evidence against each defendant. United States v. McGlory, 968 F.2d 309 (3d Cir. 1992).

Similarly, establishing the mere possibility that evidence may be admitted against one defendant which would be inadmissible against another falls short of the required showing because the potential for certain evidence to be admitted against one defendant and not another is a feature common in all joint trials.

10

United States v. Kenny, 462 F.2d 1205, 1218 (3d Cir.), cert. denied, 409 U.S. 914 (1972).

The government indicates that it will be able to adduce some evidence linking each of the defendants to the conspiracy. It follows then that evidence of other co-conspirators' overt acts may well be admissible against each member of the conspiracy. See United States v. Dickens, 695 F.2d 765, 779 (3d Cir. 1982) (where government presented some evidence linking each defendant to a conspiracy, neither a disparity in the evidence against the particular members nor the introduction of evidence more damaging to one defendant than another warranted relief under Rule 14). Furthermore, none of the defendants has identified any concrete impediment which would inhibit the jury from compartmentalizing the evidence admitted against each defendant where such a distinction is necessary.

As there is no reason to believe that a jury will not be able to compartmentalize the evidence against each of the defendants from the evidence against the others, the defendants have failed to meet their burden of showing the risk of clear and substantial prejudice. Moreover, any danger that the jury might confuse evidence relating to one defendant but not the others can be prevented with a proper instruction that the jury must give separate consideration to the evidence against each defendant. Zafiro, 506 U.S. at 539 (recognizing that limiting instructions

11

often suffice to cure any risk of prejudice). Accordingly, the motions for severance will be denied.[7]

## Motion For Notice of Evidence Arguably Subject to Suppression

Coles has filed a motion requesting an order requiring the government to provide notice of its intent to use any evidence "arguably subject to suppression." In response, the government notes that Coles already has been provided with copies of the conversations intercepted over the wiretap and has filed a motion to suppress that evidence. The government further notes that there was no physical evidence seized from Coles which would be subject to suppression, that any identification of Coles will be by co-conspirators who will testify at trial and that the government does not intend to introduce any post-arrest statements made by other co-defendants against Coles.

---

[7]  In his motion to sever, Reyna intimates of a potential issue arising under Bruton v. United States, 391 U.S. 123 (1968), in which the Supreme Court held that a defendant's Sixth Amendment right to confront the witnesses against him is violated when a facially incriminating statement of a non-testifying co-defendant is offered into evidence at a joint trial, even if the jury is instructed to consider the statement only as evidence against the defendant who made the statement. The government did not address this aspect of Reyna's motion in its response. In this regard, the government will be required to provide to the court and to counsel for all defendants any statements of any co-defendant before it seeks to admit such statement at trial. This will give the court the opportunity to review the statement and determine whether it can be properly redacted or whether it should be inadmissible. Under these circumstances, any potential prejudice to Reyna, or the others, arising from a joint trial will be alleviated.

12

Accordingly, Coles motion for notice of evidence arguably subject to suppression will be denied as moot.

## Motion for Early Disclosure of Jencks Material

Coles has moved for an order compelling the government to provide early disclosure of Jencks Act material. The Jencks Act, 18 U.S.C. §3500(b), requires the government to disclose prior recorded statements of its witnesses, when related to the subject matter of their testimony, after each witness testifies on direct examination. United States v. Weaver, 267 F.3d 231, 245 (3d Cir. 2001). According to 18 U.S.C. §3500(a), "no statement or report in the possession of the United States which was made by a government witness or prospective government witness (other than the defendant) shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case."

There is no authority by which this court can order the government to provide Jencks Act statements prior to the time a witness has testified on direct examination at trial. The government, however, has indicated that it intends voluntarily to provide Jencks Act material three days prior to the start of trial. The court will enter an order encouraging the government to turn over Jencks Act material at the same time it provides Brady impeachment material and Rule 404(b) notice -- on April 25,

13

2008 - but in any event encouraging the disclosure of Jencks Act material not later than three days prior to trial.

## Motion to Preserve Evidence

Coles has filed a motion to preserve all evidence related to this case. The government responds by noting that all evidence in this case will be preserved pending the outcome of the trial and any subsequent appeals. Accordingly, Coles' motion to preserve evidence will be granted.

## Motion to Exclude Evidence of Prior Convictions

Pursuant to Rule 609(a), Coles has filed a motion to exclude evidence of his prior convictions for the purpose of attacking his credibility should he testify at trial.

Rule 609(a) allows, for the purpose of attacking the credibility of an accused, the admission of evidence that the accused has been convicted of any crime punishable by death or imprisonment of one year if the court determines that the probative value of admitting that evidence outweighs the prejudicial effect to the accused. The rule further provides that evidence that any witness has been convicted of a crime involving dishonesty or false statement shall be admitted regardless of punishment. The only advance notice requirement in Rule 609 is that the government is required to provide "sufficient advance

14

written notice" of its intent to use evidence of a conviction more than ten years old. Fed.R.Evid. 609(b).

In its response, the government has indicated that, in the event defendant testifies at trial, the government does intend to impeach his testimony with any prior criminal convictions that qualify under Rule 609. As a ruling on the admissibility of those prior convictions is not possible at this time, Coles' motion to exclude those prior convictions will be denied without prejudice to Coles' right to challenge the admissibility of any such convictions should he choose to testify at trial.

## Motion to Suppress Wiretap Evidence

Coles has filed a motion to suppress all evidence obtained through the court authorized surveillance of cellular telephones being used by Gregory Sayles. Coles contends: (1) that the government failed to establish the necessity for surveillance; and, (2) that the government agents failed to comply with the minimization requirements of the order. Coles' motion will be denied.

On October 14, 2005, the Honorable Kate Ford Elliot of the Superior Court of Pennsylvania signed an order authorizing agents of the Pennsylvania Attorney General's Office to conduct electronic surveillance of cellular telephone number 412-853-6671 subscribed to by, and believed to be used by, Gregory Sayles,

15

based upon an affidavit of probable cause in support submitted by Narcotics Agent Brenda Sawyer of the Pennsylvania Office of Attorney General, Bureau of Narcotics Investigation and Drug Control, and Special Agent Sandra J. Maier of the Federal Bureau of Investigation. The subsequent interception of telephone conversations pursuant to that order included conversations between Sayles and Coles resulting in the charges set forth against Coles at Counts 48 and 51 of the Indictment.

Coles first argues that the wiretap evidence should be suppressed because the affidavit failed to contain "a full and complete statement as to whether or not other investigative procedures have been tried and failed or why they reasonably appear to be unlikely to succeed if tried or to be too dangerous", as required by 18 U.S.C. §2518(1)(c). In order to satisfy this requirement, the government need only lay a "factual predicate" sufficient to inform the judge why other methods of investigation are not sufficient. United States v. McGlory, 968 F.2d 309, 345 (3d Cir. 1992).

A review of the affidavit submitted in support of the application in this case demonstrates conclusively that Coles' first argument is without merit. Specifically, the affidavit states that the agents used confidential informants to make drug purchases from Sayles and Carlos Hudson, but that these informants were unable to lead the agents to their supplier or the rest of

16

the distribution network; that the use of confidential informants in prior investigations of Sayles and Hudson met with limited success for numerous reasons, including reluctance to testify and fear of violence to silence them; that the use of undercover operatives was deemed unlikely to succeed because of the reluctance of traffickers to introduce new customers to their sources of supply and that it was unlikely that Sayles would even meet with such an individual; that visual surveillance was undertaken but proved to be of limited value; that the use of a pole camera near Sayles' residence was of limited value; that search warrants would not have been effective because the agents had been unable to identify Sayles' stash houses; that pen registers and trap and trace devices also proved to be of limited value; and that the use of an investigative grand jury would not have been practical.

The court has reviewed thoroughly the affidavit submitted in support of the application and is convinced that it more than establishes the necessity for the surveillance, that it contains "a full and complete statement as to whether or not other investigative procedures have been tried and failed or why they reasonably appear to be unlikely to succeed if tried or to be too dangerous" and that it otherwise complies with the requirements of 18 U.S.C. §2518.

Coles other argument in support of suppression of the wiretap

17

interceptions is that the agents failed to minimize the interceptions and monitoring. This argument likewise is without merit.

Pursuant to statute, every order authorizing the interception of communications "shall contain a provision that the authorization to intercept . . . shall be conducted in such a way as to minimize the interception of communications not otherwise subject to interception under this chapter . . . ." 18 U.S.C. §2518(a)(5). The reasonableness of minimization efforts is to be determined under the totality of the circumstances. Scott v. United States, 436 U.S. 128 (1978).

The Third Circuit has recognized that when investigating a wide-ranging conspiracy between parties known for their penchant for secrecy, broader interceptions may be warranted. United States v. Hull, 456 F.3d 133, 142 (3d Cir. 2006). Moreover, the mere number of intercepted, but non-pertinent, calls is not dispositive, Id. at 143, and the statute "does not forbid the interception of all non-relevant conversations." Scott, 436 U.S. at 140.

In this case, the government has submitted for the court's in camera inspection four ten-day reports submitted by the case agents in this case which detail the efforts that were made in this case to minimize the interception of non-pertinent

18

communications.[8]  Upon review of these reports, the court is more than satisfied that reasonable efforts were made to minimize as required by statute and in accordance with the minimization plan contained in the order authorizing the wiretap.  Accordingly, Coles' motion to suppress wiretap evidence will be denied.

## Motion for Leave to File Additional Pretrial Motions

Coles has filed a motion requesting that the court enter an order permitting him to file additional pretrial motions.  This request was filed by Coles' prior attorney and his current counsel has indicated he has no intention of filing additional pretrial motions.  Moreover, jury selection and trial in this case are slated for May 5, 2008, and Coles has had more than ample time to file any relevant pretrial motions.  Accordingly, his motion for leave to file additional pretrial motions will be denied.

## Motions for Leave to Join and Adopt Co-Defendants' Motions

Both Coles and Reyna have filed motions for leave to join and adopt the motions filed by their co-defendants.  These motions will be granted.

---

[8]   The record also contains a stipulation by the Assistant United States Attorney and Coles' current counsel whereby the parties agreed that for purposes of considering Coles' motion to suppress wiretap evidence, the court may consider these 10-day reports in camera.

19

## Motion To Compel Disclosure of Exculpatory Evidence

Reyna has filed a motion to compel disclosure of grants of immunity, plea bargains, promises, preferential treatment and any and all exculpatory evidence. Reyna's request seeks information which falls under the category of Brady impeachment material, see Giglio v. United States, 405 U.S. 150, 154-55 (1972), and the court will enter an order requiring the government to disclose such material in accordance with the general discovery order outlined above.

## Motion for a Pre-trial James Hearing

Reyna has moved for a pretrial hearing pursuant to United States v. James, 576 F.2d 1121 (5th Cir. 1978), to determine the admissibility of statements of his alleged co-conspirators under the exception to the hearsay rule set forth at Fed.R.Evid. 801(d)(2)(E).[9]

The government suggests that a pretrial determination as to the admissibility of co-conspirator statements is neither

---

[9] Pursuant to Rule 801(d)(2)(E), "a statement is not hearsay if ... the statement is offered against a party and is ... a statement by a conspirator of a party during the course and in furtherance of the conspiracy." Before admitting a co-conspirator's statement over an objection that it does not qualify under Rule 801(d)(2)(E), the government must establish by a preponderance of the evidence: (1) that there was a conspiracy involving the defendant and the non-offering party; and (2) that the statement was made during and in furtherance of the conspiracy. Bourjaily v. United States, 483 U.S. 171, 175 (1987).

20

practical nor necessary in this case. Instead, the court should look to the trial testimony as a whole in determining whether there was a conspiracy, whether Reyna and the declarant were members of that conspiracy and whether the statements were made during and in furtherance of the conspiracy.

In this circuit, there is no authority for holding a separate hearing on the admissibility of co-conspirator statements. See United States v. Ammar, 714 F.2d 238, 246-47 (3d Cir. 1983). In addition, "the control of the order of proof at trial is a matter committed to the discretion of the trial judge," United States v. Continental Group, Inc., 603 F.2d 444, 456 (3d Cir. 1979), and it is well settled that a Rule 104 hearing need not be conducted in every case where the government seeks to introduce a co-conspirator's statements against a defendant. Ammar, 714 F.2d at 247. Because the court finds no authority for a mandatory pretrial hearing on the admissibility of co-conspirator statements, and the tendency is to yield to the trial court's discretion as to the order of proof at trial, Reyna's motion for a pretrial James hearing will be denied.

An appropriate order will follow.

Gustave Diamond
United States District Judge

Date: April 21, 2008

21

cc: Constance M. Bowden
    Assistant U.S. Attorney

    Martin A. Dietz, Esq.
    3600 Grant Building
    36th Floor
    Pittsburgh, PA 15219

    Melvin L. Vatz, Esq.
    Grossinger Gordon Vatz, LLP
    1000 Law & Finance Building
    Pittsburgh, PA 15219

    W. Penn Hackney
    Assistant Federal Public Defender

22